UNITED STATES of America,
Plaintiff,

v.

The ESTATE OF Roosevelt DICKER-SON, by and through its executor John H. TATE, John H. Tate, Individually, Oscar Mendoza, Olivia Mendoza, and Chase Manhattan Mortgage, Defendants.

No. EP–00–CA–00266–EP.

United States District Court,
W.D. Texas,
El Paso Division.

Nov. 1, 2001.

Jonathan R. Williams, Dept. of Justice, Tax Division, Dallas, TX, for Plaintiff.

John H. Tate, Pine Bluff, AR, John L. Kearney, Kearney Law Offices, Pine Bluff, AZ, for Estate of Roosevelt Dickerson.

Corey W. Haugland, James, Goldman & Haugland, PC, El Paso, TX, for Oscar Mendoza, Olivia Mendoza, and Chase Manhattan Mortgage.

## ORDER GRANTING AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

PRADO, District Judge.

On September 14, 2001, Plaintiff United States of America ("United States") filed its Motion for Summary Judgment on the Remaining Issue—John Tate's Liability Under 31 U.S.C. § 3713. Defendant John H. Tate ("Tate") filed a response to which the United States replied. After considering the motion, response, and replies of both parties, the Court will grant in part and deny in part the United States's motion for summary judgment and refer this case to the United States Magistrate to conduct any and all further proceedings, including trial and the entry of judgment.

### Factual Background and Procedural History

This case was brought by the United States on September 5, 2000, to recover the unpaid federal income tax of the now deceased Roosevelt Dickerson ("Dicker-

son") for the years 1987, 1988, 1989, and 1990, plus penalties, statutory additions, and interests. On February 2, 1991, the United States filed notices of federal tax liens against Dickerson's real property located at 10448 Lambda Drive, El Paso, Texas, in El Paso County's property records for the tax years 1987, 1988, and 1989, and on June 9, 1992 for the 1990 tax year.[1] Dickerson passed away on June 26, 1995 designating Tate as his sole heir and as executor of his estate and bequeathing the interest in his property to Tate. A few months later, in the Fall of 1995, Tate entered into a contract for deed to sell the 10488 Lambda property to Defendants Oscar and Olivia Mendoza.[2]

The United States sought and obtained partial summary judgment to reduce Dickerson's tax assessments to judgment and foreclose the tax lien on the 10488 Lambda property. On October 2, 2001, the 10488 Lambda property sold at auction for $41,500. The United States now seeks a deficiency judgment against Tate for the remainder of Dickerson's unpaid debt.

### Summary Judgment Standard

In the usual case, the party seeking summary judgment must show by affidavit or other evidentiary materials that there is no genuine dispute as to any fact that is material to the resolution of the motion. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 4, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990); *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986). To satisfy this burden, the movant must either sub-

---

1. The property at 10448 Lambda Drive, El Paso, Texas is described as: Lot 35, Block 6 Apollo Heights, Unit One, and Addition to the City of El Paso, El Paso County Texas, according to the Map and the Plat thereof on

file in Volume 38, Page 19, Plat records of El Paso County, Texas.

2. Default judgments were entered against Oscar and Olivia Mendoza on January 26, 2001.

mit evidentiary documents that negate the existence of some material element of the nonmoving party's claim or defense or merely demonstrate that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmoving party's claim or defense. *See Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548; *Lavespere*, 910 F.2d at 178.

Once the moving party has carried that burden, the burden shifts to the nonmoving party to show that summary judgment is inappropriate. The nonmoving party cannot discharge this burden by referring to the mere allegations or denials of the nonmoving party's prior pleadings; rather, such party must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue of material fact does exist. *See Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. For a court to find no genuine issue of material fact, the court must be satisfied that no reasonable trier of fact could find for the nonmoving party, *i.e.*, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a favorable verdict for the nonmovant. *See Liberty Lobby*, 477 U.S. at 249–50, 106 S.Ct. 2505; FED.R.CIV.P. 56(e).

### Whether John Tate is Personally Liable Under 31 U.S.C. § 3713

■ Pursuant to 31 U.S.C. § 3713(a)(1)(B), "A claim of the United States Government shall be paid first

when ... the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor." Section 3713 further states, "A representative of a person or an estate ... paying any part of a debt of the person or estate before paying a claim of the Government is liable *to the extent of the payment* for unpaid claims of the Government." 31 U.S.C. § 3713(b) (emphasis added). Therefore, an executor is personally liable under Section 3713 if (1) the executor distributes assets of the estate, (2) the estate is insolvent, and (3) the executor had notice of the debt owed to the Government before the distribution. *See Johnson v. Comm'r of Internal Revenue*, T.C.Memo. 1999–284, No. 20477–96, 1999 WL 667281 (U.S.Tax Ct. Aug.27, 1999) (pages unavailable); *see also United States v. Coppola*, 85 F.3d 1015, 1020 (2d Cir.1996); *Allen v. Comm'r of Internal Revenue*, T.C.Memo. 1999–385, Nos. 24984–97, 24986–97, 24985–97, 24987–97, 1999 WL 1063545 (U.S.Tax Ct. Nov.24, 1999) (pages unavailable). If the executor is found liable, the executor's liability is limited to the value of the distribution *or* the amount of debt owed the United States, whichever is the lesser amount.[3] *Johnson*, T.C.Memo.1999–284, 1999 WL 667281.

### *Tate's Personal Liability*

■ The United States claims that Tate is personally liable under Section 3713 for distributing assets, namely, the 10488 Lambda property, to himself from Dickerson's estate [4] after he had notice of the

---

**3.** For example, if an executor distributes an asset valued at $10,000 from the estate to another (including himself) and the amount of debt owed to the government at that time is $5,000, then the executor (presuming personal liability) is liable for no more than the amount of the debt, $5,000. If the distribution was worth $5,000 and the debt to the government was $10,000, then the executor (presuming personal liability) is liable for no

more than the value of the distribution, $5,000.

**4.** "Payment of a debt" under Section 3713 has been broadly construed to include " 'a distribution of funds [from the estate] that is not, strictly speaking, the payment of a debt.' " *United States v. Coppola*, 85 F.3d 1015, 1020 (2d Cir.1996) (citation omitted).

United States's claim.[5] This transfer of property allegedly rendered the estate insolvent and unable to cover the full amount of Dickerson's debt to the United States. As evidence of the three elements of Section 3713, the United States points to three of its unanswered Requests for Admission served upon Tate in pretrial discovery: (1) "Admit that you knew of the unpaid tax liabilities in question while you were administering the Estate." (Request # 3); (2) "Admit that you transferred property from the Estate to yourself after knowing of the tax liabilities in question." (Request # 6); and (3) "Admit that you are personally liable for an amount equal to the value of the property distributed from the Estate pursuant to 31 U.S.C. § 3713." (Request # 7). The United States requests that the Court consider these admissions as conclusive evidence of the matters contained therein.

Rule 36(a) of the Federal Rules of Civil Procedure allows a party to serve upon an opposing party "a written request for the admission . . . of the truth of any matters . . . that relate to statements or opinions of *fact or* of the *application of law to fact* . . . ." FED.R.CIV.P. 36(a) (emphasis added). Each matter is to be set forth separately, and if the request for admission goes unanswered or unobjected to more than thirty (30) days after service of the request, the matter contained within the request is deemed admitted. *Id.* Rule 36(b) states that "[a]ny matter admitted *under this rule* is conclusively established." *Id.* at 36(b) (emphasis added).

Here, there is no question that, to date, Tate has not answered the United States's requests for admission, and he has not provided any reason for his failure to answer or appealed to this Court for relief

from the potentially deemed admissions. Therefore, all of the United States's Rule 36 requested admissions are deemed admitted and are conclusive of the matters contained therein. As such, the Court must look to the nature of the admissions relied upon by the United States to determine whether such admissions are authorized by Rule 36 and can therefore be used as conclusive evidence.

■ The most encompassing of the requests is the United States's requested admission that Tate is personally liable under 31 U.S.C. § 3713, Request # 7. The United States seems to argue that Tate's silence as to this admission renders it admitted and therefore conclusively establishes that he is personally liable under Section 3713. At first glance, this "admission" would seem to be dispositive of the ultimate issue of the case, *i.e.,* whether Tate is liable for Dickerson's debt such that the United States may obtain a deficiency judgment against Tate. However, closer scrutiny reveals that such an admission cannot be used as conclusive evidence under Rule 36. Advisory Committee Notes to the 1970 Amendment to Rule 36 further explain the scope of Rule 36, stating that matters of "mixed fact and law" are proper under this Rule, but "requests for admissions of law unrelated to the facts of the case" are not authorized. Here, without including or referencing any facts of this case, Request # 7 asks Tate to admit that he is personally liable for a particular amount under Section 3713. As such, this request is purely legal in nature, not a matter of "mixed fact and law." Therefore, Request # 7 is not authorized or covered by Rule 36, and the United States cannot rely upon such admission as

---

**5.** Federal income taxes fall within the definition of a "claim" of the United States Government under the priority statute. *United States v. Coppola,* 85 F.3d 1015, 1020 (2d Cir.1996);

*Johnson v. Comm'r of Internal Revenue,* T.C.Memo.1999–284, No. 20477–96, 1999 WL 667281 (U.S.Tax Ct. Aug.27, 1999) (pages unavailable).

conclusive evidence of any element it must prove.

The United States also relies upon its requests for admission that (1) Tate knew of the unpaid tax liabilities when he administered the estate, Request # 2, and (2) Tate transferred property from the Estate to himself after knowing of the tax liabilities in question, Request # 6. These requests involve matters related to statements of fact and are therefore proper under Rule 36. Accordingly, two of the three elements of Section 3713, namely, that (1) Tate distributed assets of the estate (2) after he had notice of the United States's claim, are conclusively established.

■ Therefore, whether the estate was insolvent is the only remaining element. The existence of insolvency does not appear to be disputed by any of the parties. The United States claims that when Dickerson died in 1995, his estate had sufficient assets to fully cover the federal income tax debt he had incurred, but became insolvent when Tate distributed the 10488 Lambda property to himself. Although denying that he took any action contributing to the property's insolvency, Tate alleges that the estate was practically worthless when he became executor. Accordingly, although the parties disagree as to *when* the estate became insolvent, there is no genuine issue of material fact as to *whether* the estate was insolvent.

Based upon the foregoing, the United States has satisfied all of the elements of Section 3713. Accordingly, Tate is personally liable under Section 3713 for Dickerson's unpaid federal income tax debt because Tate distributed assets from Dickerson's estate to himself after receiving notice of Dickerson's debt to the United States, and the estate, at least after the distribution, had insufficient assets with which to pay Dickerson's debt in full.

### Extent of Tate's Personal Liability

Tate can be held personally liable only to the extent of the distribution he made in derogation of the priority statute.[6] *See* 31 U.S.C. § 3713. This Court entered an Order on July 18, 2001 reducing the tax assessments against Dickerson to judgment and allowing the United States to foreclose the tax lien on the 10488 Lambda property. The Lambda property was sold at auction on October 2, 2001 for $41,500.

The United States seeks a deficiency judgment against Tate for the difference between Dickerson's federal income tax debt *or* the monetary value of Tate's distribution, whichever is the lesser amount, and the proceeds from the foreclosure sale of the Lambda property. *Johnson*, T.C.Memo.1999–284, 1999 WL 667281 ("[T]he amount of tax and interest owed by the estate, or the value of the property disbursed in violation of the statute, whichever is less, is the principal obligation for which the fiduciary is liable."). The United States has stated that it expects to receive $35,000 from the foreclosure sale to be applied to Dickerson's debt.[7] Therefore, the remaining inquiries in this case are how much was the Lambda property worth when Tate distributed it to himself and what was the unpaid balance of Dickerson's debt, including penalties and interest, *at the time* of such distribution.[8] Only

---

**6.** This rule presumes that the distribution amounted to less than the amount of the debt. Otherwise, making the executor liable to the extent of a distribution that amounted to more than the debt itself would have the contrary result of making the executor liable for more than the deceased owed the government.

**7.** This amount reflects the United States's expected return after the sale expenses and mortgage have been paid.

**8.** *See Johnson v. Comm'r of Internal Revenue*, T.C.Memo.1999–284, No. 20477–96, 1999 WL 667281 (U.S.Tax Ct. Aug.27, 1999) (pages unavailable); *see also* Fed. Tax Coordinator ¶ V–9605 (2d ed.) (2001). The United States's

when these two amounts have been determined can the lesser of the two be ascertained and then used as a reference for Tate's liability.

 The record contains conflicting and ambiguous evidence as to when the distribution occurred, the value of the distribution, and the amount of Dickerson's debt at the time of distribution. As such, genuine issues of material fact exist regarding the extent of Tate's personal liability. Without such evidence, the Court cannot resolve through summary judgment analysis what amount, if any, the United States is entitled to obtain from Tate through a deficiency judgment.

### Conclusion

Accordingly, the United States's motion (docket entry # 33) is GRANTED in part as to Tate's personal liability and DENIED in part as to the extent of Tate's liability. Upon reviewing the history of this case, the Court notes that the parties have not requested a jury trial and have previously consented to proceed to trial before a United States Magistrate Judge.[9] As such, the remaining issue, *i.e.*, the extent of Tate's personal liability after the foreclosure proceeds from the forced sale of the 10488 Lambda property have been applied to Dickerson's tax debt, shall be determined by the Magistrate. In light of the instant order, the current trial date of November 13, 2001, is VACATED.

### ORDER REFERRING CAUSE TO UNITED STATES MAGISTRATE

The parties in the above numbered and styled cause consented to proceed to trial before a Magistrate in their Joint Discovery/Case Management Plan Under FED. R.CIV.P. 26(f), filed February 27, 2001. By consenting to trial before a Magistrate, in accordance with the provisions of 28 U.S.C. § 636(c), the parties to this case have waived their rights to proceed before a judge of the United States District Court. Therefore, pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the United States District Court for the Western District of Texas, the Court REFERS the remaining issue[1] in this case to the United States Magistrate Judge to conduct any and all further proceedings in this cause, including trial and the entry of judgment. It is so ORDERED.

claim in this case has been based solely on Tate's role as executor.

9. The parties consented to trial before a magistrate judge in their Joint Discovery/Case Management Plan Under FED.R.CIV.P. 26(f), filed February 27, 2001.

1. On this same date, the Court issued an order granting and denying in part the United States's motion for summary judgment and defining the remaining issue in this case as the extent of John Tate's personal liability under 31 U.S.C. § 3713.